CHRISTINE C. DOUROPOULOS, ADMINISTRATRIX, ETC., PLAINTIFF, v. KATHERINE DeVOE ET AL., DEFENDANTS.

Submitted May term, 1929—Decided September 19, 1929.

Before Justices PARKER, BLACK and BODINE.

For the plaintiff, *Theodore D. Parsons* and *Theodore J. Labrecque.*

For the defendants, *William E. Holmwood.*

PER CURIAM.

This suit was brought to recover damages under the Death act. On the 21st day of April, 1928, the plaintiff's intestate, Dionysios C. Douropoulos, was driving a Ford coupe car upon Third avenue in a southerly direction in the borough of Spring Lake. As he was passing the intersection of St. Clair avenue a collision occurred with an automobile driven by Katherine DeVoe, wife of the defendant John L. DeVoe. She was going in a westerly direction along St. Clair avenue approaching Third avenue. The plaintiff's intestate's car swung around to the westward, until it struck the curb opposite a tree on the westerly side of Third avenue. The driver, Dionysios Douropoulos, was killed. Negligence of the defendants is charged in the complaint and negligence of the plaintiff's intestate is charged by the defendants, as a defense.

The trial resulted in a verdict for the plaintiff. The defendants obtained a rule to show cause and filed four reasons for a new trial. Our examination of the record, the briefs of counsel and the reasons filed for a new trial lead us to the conclusion that the rule to show cause should be discharged. We find no substantial reason for disturbing the verdict found by the jury.

The case falls within that class of cases described in 1 *Thomp. Negl.*, § 1322. Cases of collision on highways almost invariably involve questions of concurrent negligence on the part of both the actors cited with approval in *Fox* v. *Great Atlantic, &c., Co.*, 84 *N. J. L.* 728, or as expressed by the phrase "congeries of concurrent circumstances," a jury question is involved. *Daly* v. *Singac Auto Supply Co.*, 103 *N. J. L.* 416. The rule to show cause is therefore discharged.